

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 9, 1966

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. C-736

Re: Whether the County Super-
intendent of Victoria
County has any jurisdic-
tion or authority in con-
nection with any indepen-
dent school district which
has less than 500 scholas-
tics.

Dear Sir:

Your request for an opinion expresses concern with
the wording of Article 2690, Vernon's Civil Statutes, and
whether or not the authority originally vested in the county
superintendent over independent school districts of less than
500 scholastics may have been materially altered and/or super-
seded by Article 2763, Vernon's Civil Statutes. Your request
reads, in part, as follows:

"Records of this Agency reflect that currently
there are only two independent school districts in
Victoria County which have less than 500 scholas-
tics each; McFaddin (75) and Mission Valley (329).
Further, McFaddin District (not having exercised
the option pursuant to Article 2763, as amended in
1951) is clearly under the jurisdiction of the
county superintendent and governed in the general
administration of its schools by the laws which
apply to common school districts."

We are also in receipt of a letter from the County
Attorney of Victoria County, in which he asks, in essence, the
following questions:

(1) May the county superintendent allow an
independent school district of 329 scholastics
to completely operate its school system without
his supervision, the same as independent school
districts having 500 or more scholastics?

(2) Does Article 2763, V. C. S., imply that
independent school districts with 329 scholas-
tics may choose to be governed by laws which
apply to other independent school districts?

-3555-

Article 2690, Vernon's Civil Statutes, provides in part:

"The county superintendent shall have, under the direction of the /State Commissioner of Education/, the immediate supervision of all matters pertaining to public education in his county. *** He shall have authority over all of the public schools within his county, except such of the independent school districts as have a scholastic population of five hundred or more. ***" (Emphasis added; matter in brackets substituted for "State Superintendent.")

It is clear from the language in Article 2690 that the county superintendent does not have authority over public schools within his county which are in an independent school district having a scholastic population of 500 or more. It is equally clear that the statute intended to confer authority in the county superintendent over schools of an independent school district having less than 500 scholastics.

Article 2691, Vernon's Civil Statutes, confers authority in the county superintendent to call meetings of the teachers of the county. This article provides further:

"*** The Board of Trustees of any independent district having five hundred (500) or more scholastic population may authorize the Superintendent of Schools in such district to hold meetings of the teachers of the district in lieu of the county meetings. ***"

The inclusion of such language in this article leaves no doubt that unless district teachers' meetings have been authorized by the Board of Trustees of such independent school district, the teachers of such district are subject to the general provisions of Article 2691, and may be required to attend the meetings called by the county superintendent. It is also clear that the teachers of an independent school district having less than 500 scholastics are subject to Article 2691.

Independent school districts having less than 500 scholastic population are treated by several other statutes in the same manner as common school districts. See Articles 2696 (authorizing the transfer of a child from one district to another), 2745c (making application for position of county school trustee or trustee of a school district), and 2746a (prescribing the ballot for the election of a school trustee

in common school districts and "in independent school districts having fewer than five hundred /500/ scholastics"), Vernon's Civil Statutes.

Generally speaking, the county superintendent, under the direction of the State Commissioner of Education, has the immediate supervision of all matters pertaining to public education in his county. In Webb County v. Board of School Trustees of Laredo, 95 Tex. 131, 65 S.W. 878 (1901), the Supreme Court of Texas said at page 881;

> "*** Though in a sense, a county officer, and though called 'county superintendent,' he is, in fact, the officer and agent of the state, --***
> Such officers, with respect to such affairs, act for the state, and not for the county. ***"

Article 2693, Vernon's Civil Statutes, provides general duties to be performed by the county superintendent. Both Articles 2690 and 2693 deal generally with the authority and duties of a county superintendent, and these are applicable unless a particular function is dealt with elsewhere by special statute which would, in such instance, be controlling.

In Attorney General Opinion No. V-1244 (1951) this office considered the question as to whether or not a principal or teacher of an independent school district may also hold the office of county superintendent in the same county. The opinion cited Articles 2690 and 2691, and stated·

> "Under these statutes it is apparent that a county superintendent has broad supervisory and appellate function with respect to independent school districts in his county which have less than five hundred scholastic population. Clearly, the positions of teacher and principal (head teacher) in an independent school district having less than five hundred scholastics, are subordinate to the office of county superintendent having jurisdiction thereof and are subject to the supervisory power and jurisdiction of the county superintendent as prescribed in those laws. Therefore, based on the principle of incompatibility, it is our opinion that one person could not at the same time legally hold the office of county superintendent and the position of principal or teacher in an independent school district located in the same county and having a scholastic population of less than five hundred."

Hon. J. W. Edgar, page 4, (C-736)


We are of the opinion that the county superintendent does have jurisdiction and authority, pursuant to Article 2690, over independent school districts, within his county, which have less than 500 scholastic population. Stated another way, the county superintendent would have no authority to allow such an independent school district to completely operate its school system without his supervision unless so authorized by specific statutory language. We find no such authority, although we do not attempt, in this opinion, to list in detail the areas where the county superintendent has authority and the areas where he does not.

We must now consider whether or not Article 2763, Vernon's Civil Statutes, materially alters and/or supersedes the provisions of Article 2690. Article 2763 provides in part:

"All incorporated districts, having fewer than one hundred and fifty (150) scholastics according to the latest scholastic census shall be governed in the general administration of their schools by the laws which apply to common school districts; ***" (Emphasis added.)

This Article further provides that such independent school districts may elect not to be so governed, and that upon such election such district shall be governed by laws which apply to independent school districts. (It is noted here that an independent school district having 329 scholastics, or any number of 150 and less than 500, has no choice, but is subject to the laws which apply generally to such independent school districts.) In Attorney General Opinion No. 2218 (1920) it was stated:

"The term 'general administration of their schools' means, therefore, the management and control of the school system; that is, the employment of teachers, approval of vouchers, etc., and as to such matters independent school corporations containing less than one hundred and fifty scholastics the law applicable to common school districts will control."

The Attorney General has ruled on several occasions on the question of whether or not a specific function is within the term "general administration of their schools." In Opinion No. 0-3869 (1941) it was held that the term does not include the assessment of property, nor the levy and collection of taxes, and that the independent school district, even though having less than 150 scholastics, is governed in the assessment and collection of taxes by the laws relating to independent school

-3558-

districts. In Opinion O-6214 (1944) it was held that a vacancy occurring on the Board of Trustees of an independent school district having less than 150 scholastics should be filled by the members of the independent school district board remaining after the vacancy, pursuant to Article 2777, Vernon's Civil Statutes. In Opinion No. V-1553 (1952) it was held that the leasing or selling of real property owned by school districts is not included in the term "general administration of their schools."

These questions all pertain to which laws shall govern. Attorney General Opinion No. O-7170 (1946) dealt with an independent school district having less than 150 scholastics, which desired to have an election to issue bonds for the purpose of building a school building. It was held that the specific bond statutes, Articles 2784e and 2785, Vernon's Civil Statutes, should control over the general provisions of Article 2763.

This office held in Opinion No. WW-975 (1960) that if a dismissed employee of an independent school district with a scholastic population of less than 500 desires to appeal from such dismissal, he should appeal to the county superintendent and then to the State Commissioner of Education, and then to the State Board of Education. It was pointed out that certain provisions of Article 2690 specifically deal with appeals from such independent school districts.

Under Article 2763, a distinction would be made between McFaddin Independent School District (75 scholastics) and Mission Valley Independent School District (329 scholastics), as McFaddin is governed in the "general administration" of its schools by the laws applicable to common school districts, until such time that it might elect to be governed by the laws applicable to independent school districts having 150 or more scholastics, as in the case of Mission Valley. However, both districts, each having less than 500 scholastics, are subject to Article 2690 and the general provisions thereof, except in such matters as may be dealt with elsewhere by specific statutory language.

## SUMMARY

A county superintendent of schools does have general jurisdiction and authority, pursuant to Article 2690, Vernon's Civil Statutes, over independent school districts, within his county, having less than 500 scholastic population, except in such instances where specific statutory authority is granted to some other official or body. He is not authorized to allow such an in-

dependent school district to completely operate
its school system without his supervision.

Very truly yours,

WAGGONER CARR
Attorney General

By: Robert L. Towery
Robert L. Towery
Assistant Attorney General

RLT:mh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
John Reeves
Wade Anderson
Brandon Bickett

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright